Good morning, Your Honors. Gary Finn, representing the petitioner Robelo Barboza-Cruz. And if it pleases the Court, there is no such thing, Your Honors, as a self-authenticating Form I-213 in immigration proceedings. When there's an objection by a respondent in immigration proceedings to the Form I-213 based on authentication or any other factor, the Court is required by law to go through a two-step process in determining whether the I-213 is admissible. First, is the I-213 authenticated? If it's authenticated properly, then the Court should move on to the second question. Is admission of a question about the document's reliability. If the reliability of the document is not challenged, then it's considered to be a business record and it's admissible. The government, in its arguments that the I-213 was properly authenticated, relies heavily on Espinoza v. INS in its case is only about the second step, which is the reliability of the document. In Espinoza, the I-213 was authenticated. It had a certification from the district director. Here, in our case, we have nothing like that. We have just the government attorney pulling an original, first it was a copy and then it was an and giving it to the court and then the immigration judge said, well, this is a self-authenticating document and took it into evidence. That was affirmed by the BIA, but that is not that's not proper. Well, what does counsel, let me ask you, this is Judge Schroeder, what does authenticate mean to you? Well, there's different ways to authenticate the document. It's a 8 CFR 287.6 speaks about that a little bit. It could be authenticated by... No, I didn't ask how it can be authenticated. What is the purpose? What does authenticate mean? That the document is what it purports to be and that can be accomplished by a certification page from the district director. In fact, for many years, the Immigration and Naturalization Service and then later the Department of Well, if the lawyer says this is the original and no one questions as to whether this is the original, isn't that authenticated? Doesn't that say this is what it is? Well, I don't think so, Your Honor, because it's in the government's file and but first of all, I think there's a conflict of interest if the trial attorney or the now what's called the... Well, the trial attorney for the government would state that the document is what it reports to be. That person may not be the custodian of records and we don't know about the chain of custody. Your Honor, another way that something could be authenticated would be to have an affidavit from the preparer of the to testify that he or she prepared the I-213 and that's and it is a authentic I-213. Even under Rule 901 of the Federal Rules of Evidence, which I appreciate doesn't apply of its own force here, but you know if we look to that by analogy, 901B says that the court can infer authenticity from the appearance, contents, substance, and all the circumstances of the document and why I mean that this is sort of goes to Judge Schroeder's question why when you know counsel is saying you know it's not that this is a copy but this is the original document and the IJ can presumably look at it and see that it looks like the original document. Why isn't that enough? Well, Your Honor, I can tell you what the this court said in Iran versus INS, which was an older case about 42 years ago, but that was a document not that was not an official that was not a document prepared by a government official was it? I think that was a that was an affidavit from somebody else wasn't it? I think it was a government form. It was a form I-506. I forget right now what that form is, but it was a government form. It was a government form, but was the preparer of the form a government official? No, I think it was a form that you would fill out or that a person would fill out to apply for a benefit. Okay. Yeah. And we've suggested that that makes a form prepared by an official of the government. Well, I think we said that in Espinoza, right? Well, the form I-213 is prepared by a government official, right? So, but in Iran though the court said that the court didn't distinguish. The court said that authentication in immigration proceedings is required. That was a holding in Iran. I don't think it distinguished between different types of of forms. What is the standard of review that we apply to the IJ's decision to admit evidence? I think it would be de novo, your honor, because it's a factual question. It's not a it's not a well it's a it's a factual and legal question. It's not anything involving discretion. So I believe it would be de novo. What's the do you have a case that says that the determination about whether evidence is authentic and should be admitted is de novo? I don't have that right now, your honor. I'll try to get that. I'm gonna ask for two minutes for rebuttal. I'll try to get you a case during that time, but I only have a minute left before I'm gonna save two minutes for rebuttal. And I would just like to also say, your honors, that if the court finds that the I-213 was properly admitted and my client is removable, I would ask the court to remand the case because my client is now he's eligible for a cancellation of removal for a non-permanent resident. And I read the some of the 28 J letters the government submitted and that appears that the government now accepts under matter of Chen that the petitioner has the 10 years of physical presence for cancellation of removal, which was the only statutory element that the IJ and the BIA found lacking in my client's case. So now the BIA also denied the application for cancellation of removal in discretion, but the IJ did not make her discretionary ruling in the context of the cancellation of removal application. She denied voluntary departure as a matter of discretion, but that's a different form of relief. So I don't think these issues were briefed to us. Is this something that you would file a motion to reopen to raise? I'm a little bit confused about the posture for the now what you're talking about. Well, I did argue in the briefs that the respondent would be eligible for cancellation of the law that the government council pointed out since then. And but I think based on the changes in the law, the court could remand the case to the to the BIA. Um, but if it's all right, your honors, I'll reserve the rest of my time because it's running out. Okay, and we can hear from the government on that, too. Good morning, your honors. May it please the courts. Elizabeth Fitzgerald on behalf of the government in this case. Here, there was no error in the agency's admission of the form I-213 as DHS's proof of alienage. In this case, the this court has held in both Espinoza and Sanchez that the quote sole test for admissibility of the documents, specifically even the I-213, is just whether it's probative and fundamentally fair. And so here, this one is arguing that there's sort of this extra requirement of authenticity. And to be sure, this court has held that government forms should be authenticated in some way. But this court has never held that there's like a specific type of authentication that's required. And here, as my opposing counsel has conceded, he agrees that it came from his client's a file from the government's files, and he concedes that it was an original document. So well, does he concede it's an original document? Or is he saying we don't know if it's an original document because it's not authenticated? So we don't know that it really is the original. He knows that the government lawyer said it was an original. True, that is true. But I mean, it had the signature and the immigration judge saw it with sort of like the wet signatures or whatever the what the government attorney was saying was the original. So here, essentially, we had... But sorry, was the... Whose signature was it? I believe it was the CBP official at the border who had signed it and then non-citizens sort of a file that the government has. And then the trial attorney then sort of pulled this same original form from the same file that the government had, and then orally attested to the immigration judge that this was the original document that came from this individual's file. And opposing counsel was given the chance to inspect that record and the immigration judge inspected it himself or herself and basically assumed that this meant that this was properly authenticated that the form was what the government was saying. I'm not sure that's right. My understanding was that they objected to lack of authentication basically at every point. Yes, I mean, they did. But then the immigration judge essentially believed that this was sufficient. So there's information or there's, you know, the transcript shows that the immigration judge acknowledged opposing counsel's challenge to authenticity and believes that CHS providing this original form of it was enough or was sufficient to authenticate it and then to admit it as fundamentally fair. So I mean, you could argue you can argue about whether that's correct, but I don't think you can say that petitioners counsel agreed. Okay, to be sure. Correct. But I mean, in any event, the board has held, I mean, this court has held that there's no formal way to authenticate it. And then the board has precedent saying that, you know, even if a document isn't formally authenticated, the inquiry truly is just admissibility. So even setting aside whether this was, you know, formally authenticated or not, the on whether the admission of this IP 13 was fundamentally fair and the board in the matter of the our case that cited in the board's decision. So how do you distinguish Iran then? Because Iran basically says if it's not authenticated and it's a piece of evidence that's needed, it's a due process violation. Isn't that what Iran holds? Well, Iran holds that there must be some type of authentication to be to make sure that the document is what it says. And so that case was materially distinguishable because, as your honors acknowledged today, it was a different form. It was a form that a non citizen sort of submits to the government. So that's how the government obtained it in its record. That's different from a form by 2013 here, where a government official is creating the form and receiving information from the non citizen himself in person while that individual is detained. But wouldn't it? I mean, I'm not sure why. I'm not sure why that matters. Why don't we need someone to say this file hasn't been touched since the time the wet signature was added to it? You know, some declaration that says this file is still the same file and no one has messed with it or something like that to say that it really is the original. Because I don't think trial counsel would know that, right? Well, they do share the file. So I guess there is a chain of custody amongst the government officials. But you're right that it's not specifically laid out in detail as they're submitting the form I-213. But I think the best way this court could approach this is by concluding that your precedent has never acquired any specific type of authentication method. And as you all know, the Federal Rules of Evidence don't apply. The board has multiple precedent decisions saying that even if the document is not formally authenticated, it just goes to the weight of the document. Counsel, what do you understand the authentication means? I mean, it means what you guys have said today, that basically the This actually is the form I-213 for this specific individual. So in Iran, the whole issue with authenticity was whether that application form that had been submitted to the government was even the same non-citizen in the removal proceeding. Because there, the government basically said, like, look, this form has the same name as this non-citizen in removal proceedings. So therefore, it is what it is. It's authenticated, end of story. So here you have, you know, the non-citizen's picture, you know, I believe the authentication, the authentication is supposed to come from the custodian of the document, right? I believe so. So I guess what we're urging is basically, you know, is in the Department of Homeland Security's custody at all times. But in any event here, what the board really is saying in this board's decision is that even if there was no formal authentication, it could still be admitted. So really, like, the end inquiry here is admission, whether it's fundamentally fair, regardless of the method of authentication that the DHS is claiming. So can you point to a case that says that? Because I think the point, the cases you're talking about, I think opposing counsel argued there are two steps. There's authentication and then, like, is the hearsay admissible and that you're talking about the second step. Can you explain where you have a case that actually says we think about authentication this way as opposed to hearsay? It's more so a board precedent. So a matter of DR in the board, which is that the method of authentication just goes to the weight of the document and that the, you know, the ultimate inquiry is really admissibility. And so has our court ever agreed with that? How do we reconcile that with Iran? Well, in Iran, this court held that there was no specific method of authentication. So basically, this court has held that there must be some type of authentication that happens and the immigration judge has to consider that in determining admissibility. But this court has never explicitly said that there are sort of these two steps. And in fact, actually, in cases where the non-citizen is attempting to submit evidence, this court has held that the agency errs if they reject it for failing to formally comply with authentication requirements. And this court has held that the true inquiry is actually just admissibility. So really, admissibility is the focus and the authentication method that's used just goes to the weight of the document. And that is something that is in the discretion. I'm sorry, what case, can you, can you point to exactly what case you're saying says that about authentication? Yes, so I will have to file a 28-J letter. So I apologize that we didn't cite this in the brief. But I believe in the Vatian case, V-A-T-Y-A-N, 508-F3-D-1179. That was a decision where this court held that the agency erred in requiring the non-citizen to formally comply with the reg that's being disputed here, 1287.6. And so there, this court held that really the inquiry is whether it's fundamentally fair, and the agency should not have required the non-citizen to formally comply with all authentication requirements prior to reaching the admissibility determination. Okay, so it's frustrating that we didn't have that cite because the whole point is, do we have a case that says that authentication is the way you're saying? And so it puts us at a disadvantage now to not know what case this is. So if you could submit that in a letter, that would be good. Will do, and my apologies again. And in that case, did we not apply an abuse of discretion standard to review the IJ's admissibility decision? I would have to check. But I do know that in Sanchez, this court reviewed for abuse of discretion. So I think this inquiry is kind of somewhat of a discretionary inquiry and somewhat of a constitutional inquiry, because the fundamental fairness is the same standard as a constitutional claim, which this court reviews de novo. But then ultimately, you know, as long as there's fundamental fairness in the proceedings, the inquiry of whether the immigration judge should actually admit the documents is abuse of discretion, which is what this court clarified in Sanchez. But Sanchez is definitely talking about hearsay, not about authentication, right? I believe so, or at least authentication is not mentioned there. Counsel, I'm getting confused. I thought the purpose of authentication was that to say that this is truly a copy of what is in the government record. Correct. And if the lawyer says this is what was in the government record, this is the original and there's no and everybody agrees that this is the original and that IJ says that is the original and nobody objects that that is the original, then why is there a need for a separate authentication? I wouldn't think there would be. That would be it. Yeah. So I guess the way we see this is that really the inquiry should be focused on admissibility, fundamental fairness. So the method of authentication goes to weight. So here we believe this was essentially authenticated by a DHS attorney, but the board didn't necessarily acknowledge that. They sort of just said, well, it was admissible. And what do we know about what do we know about the government trial attorneys knowledge that would allow the government attorney to make that authentication? Well, I mean, as the opposing counsel conceded today, the document came from his file. So we at least know that the trial attorney pulled this from the file. It involves the same photograph of the non-citizen that's present in court next to the trial attorney. But I believe that's just their general knowledge of how things work also. But they didn't really explain where this file was in the meantime or anything like that. It's just they say, we think this is the original from the file. That's all we know about what this attorney knows or how any of it works, right? Well, possibly. But I think what opposing counsel here is urging is that perhaps the trial attorney should have at least written out, I got this from the A file and the government has had custody of this since the CBP officer. So essentially, he's urging that the trial attorney should have at least put it in the A file and signed it when really what we have here is sort of more of an informal method of the DHS trial attorney stating an open court to the immigration judge, essentially the same thing that would have been stated in writing. But if there are no further questions, we've taken you over your time. Thank you, counsel. Let's let's hear rebuttal then. Thank you. Thank you. Well, I'm going to make another stab at answering Judge Schroeder's question, Your Honor, because I think that, well, first of all, there is no procedure regulation that allows the trial attorney to authenticate a document. And I think the reason for that goes back to fundamental fairness. The trial attorney is like a prosecutor, certainly in a criminal case. And this court has held that immigration cases, although not criminal, are very serious, of course. And certainly in a criminal criminal case, the prosecutor couldn't authenticate a document just saying, Well, this is a government record, and here it is. And but then that's what happened here. And it goes to fundamental fairness, I think, and not to cast dispersions on trial attorneys. I know many of them, and most of them are very, very excellent, fine people. But it's just a matter of fairness. We don't know that that person has a potential conflict of interest, and that's why authentication is required. And to also get back to Judge Miller, Your Honor, regarding the standard of review, the case here, I think it does involve a constitutional issue, as Judge Friedman mentioned. And so I think that the that's why I think the standard of it's also a legal issue. And I cited, so I'm sorry, I think I need to cut you off, because now you're over your time. But I think I need to do something nonconventional here for a second, because I forgot, we forgot to ask about these additional issues that are in the 28 J letter, and whether there's room for mediation or something here. So if I could just go back to the government for a minute to respond to whether there's something that needs to be reopened here, or whether we should send this case to mediation, I'm not quite sure what the further developments have been and what your response is to the idea that there's been further legal developments. Sure. So I was trying, my apologies for going over my time, I was trying to reach this. But basically, our position is there's absolutely no need to remand here. Because the agency already denied the claim, the cancellation claim as a matter of discretion, which is beyond the scope of this court's review per the explicit text of the statute and now Patel. And so, you know, there are no other legal developments other than that, that essentially, I mean, the stop time rule, there have been changes, but that relates to the continuous physical presence requirement, which is entirely separate from the discretionary denial that was at issue here. A petitioner waived a sort of legal or constitutional challenge to how the agency resolved or denied the claim as a matter of discretion. So we think that's beyond the scope of this court's review, no legal question or constitutional claim was raised. So this court should dismiss that portion for lack of jurisdiction. And otherwise, there have been no sort of prosecutorial discretion updates that I am aware of. So Oh, sorry, let's go back. I'm sorry, I have messed this entire thing up. So thank you. Well, let me just ask one more question of you. And then we may need to go back to Petitioner's Counsel for a second. Would it be fruitful to send this case to mediation? No, I mean, in our position, it's, you know, the agency has already denied his claim as a matter of discretion. So in this court lacks jurisdiction to review it. So there's not really much that would be mediated in that case. Okay. Okay. Any other questions for the Government Counsel? I should have asked this before. I'm sorry. Let's go back to Petitioner's Counsel for a second. Thank you. Thank you. So, Mr. Pena, at the end, you said it's de novo because this is a constitutional issue. And then the constitutional issue is due process. Is that what you're referring to? That's our argument. Yes, Your Honor. Okay. And so for a due process violation, you need to show, you know, some sort of error in the proceeding and also prejudice. And so, given that you, so far as I can tell, haven't said that anything in this form was actually wrong, what was the prejudice here? Well, I guess, Your Honor, that since our position is the form should not have been admitted, that's the error. And the prejudice is the information in that form was used for a finding of immovability against my client. That would be the prejudice. Any other questions? Okay. Thank you, Counsel. Thank you both sides for the very helpful arguments. This case is submitted.
judges: SCHROEDER, FRIEDLAND, MILLER